**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KAREN CLIFFORD, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:06CV615-DJS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

Karen Clifford pled guilty to bank embezzlement in violation of 18 U.S.C. §656, and was sentenced by this Court to 60 months' imprisonment, a five-year term of supervised release, restitution to Bank of America, N.A. in the amount of $1,038,000, and the special assessment of $100. No direct appeal was taken. Now before the Court is Ms. Clifford's motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence.

The first of Clifford's three asserted grounds for relief is a claim of ineffective assistance of counsel, containing four sub-parts. In order to prevail on a claim of ineffective assistance of counsel, movant must establish both that counsel's performance fell below an objective standard of reasonable competence, and that counsel's deficient performance prejudiced movant. Strickland v. Washington, 466 U.S. 668, 687 (1984). Strickland defines prejudice as "a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In the plea context, Strickland prejudice requires a showing that counsel's "deficient performance prejudiced her defense – that there is 'a reasonable probability that, but for [her] counsel's unprofessional errors,' the result of the plea negotiation process would have been different." United States v. Regenos, 405 F.3d 691, 693 (8th Cir. 2005). In determining whether counsel's conduct was objectively reasonable, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Clifford argues that her initial attorney did not seek a recusal by the undersigned judge although she contends recusal was appropriate for several reasons:

> due to my having known [the judge] personally (his daughter and I went to college together and were in the same sorority and I had been to his home on several occasions[]); I had [a] relative who dated another of his daughters; and Judge Stohr has a daughter who is in banking and had worked at Boatmen's n/k/a Bank of America.

2255 Motion [Doc. #1], p.4. Clifford's assertions fail to establish that the undersigned's "impartiality might reasonably [have been] questioned," or that he had "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," or any other

2

circumstance which would have required recusal under 28 U.S.C. §455.

Even assuming her assertions were made known to her then-attorney, the Court cannot conclude that his failure to seek the Court's disqualification constituted defective performance. Furthermore, no prejudice to Clifford is shown. The facts asserted do not on their face support a conclusion that the undersigned would have been biased against Clifford, and under the Strickland standard as applicable in guilty plea cases, no effect on the plea process or on Clifford's decision to plead guilty is demonstrated.

Clifford alleges that her attorney failed to keep her informed of the status of her case and caused her to miss a court appearance. Belatedly in her traverse, she attempts to expand on this allegation, and in so doing identifies her arraignment on September 13, 2004 as the court appearance at issue. The record in the criminal case reflects that although the United States Magistrate Judge initially scheduled the arraignment for 9:30 a.m. on that date, it took place instead from 11:02 to 11:05 a.m. US v. Clifford, 4:04CR367-DJS, Docs. #21 & #22. Even if the delay was a result of counsel's failure to inform Clifford of the date and time of the proceeding, neither constitutionally deficient performance nor Strickland prejudice is shown. Furthermore, movant does not explain and support any other failure to keep her informed of the status of her case which could establish deficient performance by her counsel and resulting prejudice to her defense.

Clifford argues that her counsel did not cooperate with the prosecutor, resulting in prejudice to her in plea negotiations. Even by reference to Clifford's lengthier filing in the nature of a traverse, it is difficult to flesh out this bare assertion in the §2255 motion with the necessary detail. Pet. Response [Doc. #13]. Two possibilities present themselves, neither of which supports the Strickland determinations necessary to obtain relief on an ineffective assistance claim.

The first such possible interpretation is an assertion that movant's counsel "used information" that would have been "a 'threat'" to the then-United States Attorney, and that as a result the government was prejudiced against Clifford and unwilling to consider her proffered cooperation in exchange for a sentence reduction. Pet. Response [Doc. #13], at 3-4. Movant's allegations in this regard are scandalous and unsupported. Her reliance upon the unidentified and partly illegible first page of her proffered Exhibit D is unavailing. Movant shows no ability to establish that her attorney was advised of Clifford's impertinent allegations or that he made any "use" of such information to her detriment.

The second possible construction of the allegation is that Clifford's counsel's delays in preparation resulted in the loss of a third acceptance of responsibility point being deducted from her offense level under the Guidelines computation. Id. at 4. In the plea agreement, the parties recommended a two-point acceptance of responsibility reduction, rather than a three-point

reduction. The third point is available pursuant to §3E1.1(b)(2) U.S.S.G. where a defendant timely notifies authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial. Movant fails to demonstrate how her attorney's alleged failure to prepare for trial resulted in her loss of this additional point. By its terms, the applicable Guidelines provision suggests instead that it was movant's failure to timely indicate her willingness to plead guilty that resulted in the reduction of two points rather than three.

Counsel's failure to obtain a key piece of evidence with substantial sentencing impact is the fourth allegation of ineffective assistance. Extrapolating from the traverse, movant refers to evidence she believes supports her contention that she repaid $75,000 to one account from which she had wrongfully taken it. Clifford does not proffer evidence establishing the truth of her assertion that she returned this money. Neither does Clifford demonstrate how counsel's failure to obtain proof of that assertion constituted performance below an objective standard of reasonable competence. The affidavit of her second attorney in the criminal case, filed by the government in opposition to the §2255 motion, attests that the evidence, "including admissions by Miss Clifford, an FBI investigation and an internal bank audit, simply made it

impossible for us not to concede the amount of loss" in excess of $1,000,000. D'Agrosa Affidavit [Doc. #5-2], ¶10.[1]

Based on embezzlement of a total of $1,038,000, four points were added to movant's offense level because the offense "affected a financial institution and the defendant derived more than $1,000,000 in gross receipts from the offense." §2B1.1(b)(6)(B) U.S.S.G. [2000]. The Court is not persuaded that Clifford's claimed repayment of $75,000 would preclude this enhancement. "Gross receipts" refers to all property "obtained directly or indirectly as a result of such offense." Application Note 10 to §2B1.1 U.S.S.G. [2000]. Whether or not Clifford later repaid the money, she first "obtained" it as a result of her embezzlement offense. The enhancement is for "gross" receipts, rather than "net" receipts. See United States v. Goldstein, 442 F.3d 777, 786 (2nd Cir. 2006). The Court concludes that Clifford's

---

[1] This is the only assertion from D'Agrosa's affidavit on which the Court relies in ruling upon Clifford's §2255 motion. Clifford has filed a motion to quash the affidavit on the basis that its contents are subject to the attorney-client privilege. The Court's review of the affidavit suggests that most of the affidavit is not privileged material, as it does not reflect confidential communications between counsel and client. To the extent that this one quoted portion of the affidavit might be construed as privileged material, the privilege is waived by Clifford's allegation that both attorneys who represented her failed to obtain or to recognize the existence of evidence relevant to the $1,000,000 threshold for sentencing purposes, which is the claim concerning which the Court cites this portion of the affidavit. Pet. Response[Doc. #13], p.3. The motion to quash will be denied.

6

final ineffective assistance claim fails because neither deficient performance nor the requisite prejudice is shown.

Ground two of Clifford's §2255 motion alleges prosecutorial misconduct, also in multiple sub-parts. First, Clifford argues that the prosecution withheld a key piece of evidence, disclosure of which would have substantially impacted the sentence. This claim appears to refer to the issue previously discussed concerning the potential impact of Clifford's claimed return of $75,000 to the account from which it was embezzled. The Court finds this claim to be without merit. First, Clifford does not indicate an ability to prove the existence of evidence known to the government to support her contention. Second, the Court has determined that the sentencing effect of Clifford's allegation, even if true, is not as she supposes. Third, by signing the plea agreement and associated sentencing recommendations, Clifford stipulated that she had knowingly and willfully embezzled $1,038,000 of the moneys in Bank of America's care, and that four levels should be added to her offense level because she derived more than $1,000,000 in gross receipts from the offense. The Court finds this claim to be without merit.

Second, Clifford complains that she was "intimidated and told that if I or my attorney did not cooperate and avoid a trial that my daughter could be indicted for Conspiracy." This summary assertion in the §2255 motion is not repeated or elaborated upon in Clifford's traverse. It is not supported by any evidence.

7

Finally, it is at odds with Clifford's responses to the Court under oath at her change of plea hearing, at which she disclaimed that anyone had forced her to plead guilty. The assertion is similarly at odds with the plea agreement, in which movant stipulated that "no person [had], directly or indirectly, threatened or coerced [her] to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty." Plea Agreement [Doc. #38 in Cause No. S1-4:04CR367-DJS], §11, p.19. The Court finds this claim to be without merit and to provide no basis for §2255 relief.

Third, Clifford asserts that she was denied the third point of offense level reduction for acceptance of responsibility because a new prosecutor taking over the case prepared for trial when there was no need. Even if true, such a circumstance fails to establish the kind of "prosecutorial misconduct" that would justify relief under §2255. This is particularly so where movant stipulated at the time of her guilty plea to only a two-point reduction for acceptance of responsibility. The claim is rejected as without merit.

Fourth, movant complains of the original prosecutor's requests for continuances. Again, such a claim, even if factually supported, does not establish prosecutorial misconduct warranting §2255 relief. Furthermore, review of the record in the criminal case readily discloses that both requests for trial continuances were made by the defendant, not by the government.

8

Ground three is based on United States v. Booker, 543 U.S. 220 (2005). Booker was decided January 12, 2005, prior to Clifford's guilty plea entered January 18, 2005. Clifford complains of more lenient sentences given others below the Guidelines range and asserts that she wanted to "allow the judge to use the sentencing guidelines as advisory" but that the prosecutor and her attorney "did not advise me to do so" because Booker was so new. 2255 Motion [Doc. #1], p.7. The exact nature of this ground for relief is difficult to discern. Any claim of Booker error by the Court should ordinarily have been, but was not in movant's case, raised on direct appeal. In fact, Clifford waived direct appeal of sentencing issues, except as to sentences *outside* the Guidelines range resulting from the parties' recommended Total Offense Level, which the Court applied. Plea Agreement [Doc. #38 in Cause No. S1-4:04CR367-DJS], §2.C(1), p.3. Further, Clifford waived post-conviction claims under §2255, other than claims of ineffective assistance of counsel and of prosecutorial misconduct. Id. at §2.C(2), p.4. By these agreements, Clifford appears to have waived the Booker-related claim she now asserts.

In any event, the Plea Agreement, Guidelines Recommendations and Stipulations signed by Clifford state that the parties agreed to the Sentencing Guidelines applications recommended therein, and that, except in narrow circumstances, neither party would request a sentence above or below the

applicable Guideline range.  <u>Id</u>. at §2.B, pp.2-3.  The Court sentenced Clifford within the Guidelines range applicable to the Total Offense Level to which the parties stipulated in the plea agreement.  In these circumstances, movant demonstrates no basis related to <u>Booker</u> for vacating, setting aside, or correcting her sentence pursuant to §2255.

Upon careful consideration of the record, including as necessary the underlying criminal file, the Court is convinced that the file and record of the case conclusively show that movant is not entitled to relief.  Accordingly, no evidentiary hearing will be had, and the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 will be denied by a judgment entered separately herein this day.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to quash the affidavit of Paul J. D'Agrosa [Doc. #8] is denied.


Dated this ___19th___ day of October, 2006.


/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE